

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHARLES MAVINS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:09-483-HFF-RSC |
| | § | |
| DR. MCFADDEN, NURSE SMITH, | § | |
| DR. PERRYMAN, and DR. CHERRY, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and that any other outstanding motions be denied as moot. The Magistrate Judge further recommended that the Court decline to exercise jurisdiction over any remaining state law claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 12, 2009, and Plaintiff sought an extension of time in which to file his objections on November 18, 2009. The Court granted in part Plaintiff's request and extended Plaintiff's deadline to file objections until December 11, 2009. However, Plaintiff failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Although Plaintiff failed to timely file any objections, he did file a motion to appoint a guardian ad litem on November 23, 2009. The is the second such motion that Plaintiff has filed. The Magistrate Judge denied Plaintiff's first motion on August 7, 2009, noting that after reviewing Plaintiff's medical records, he did not appear to be incompetent. In his present motion, Plaintiff insists that his medication is not working as well as the Magistrate Judge believed it to be working and that he needs a guardian ad litem to be appointed.

After carefully reviewing the record, including Plaintiff's more recent filings, the Court agrees with the Magistrate Judge's previous determination that Plaintiff is competent under Fed. R. Civ. P. 17(c), and that appointment of a guardian ad litem is unnecessary. Additionally, as the Court agrees with the Magistrate Judge's conclusion that Plaintiff's claims fail on their merits, appointment of a guardian ad litem at this stage in the litigation would serve no useful purpose.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motions for summary judgment [docket entries 57, 59] are **GRANTED**. Defendant Perryman's earlier motion for summary judgment [docket entry 22] is

dismissed as **MOOT**. Plaintiff's second motion to appoint a guardian ad litem is **DENIED**. Finally, to the extent that any state law claims can be gleaned from Plaintiff's complaint, the Court declines to exercise supplemental jurisdiction over those claims and they are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 17th day of December, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.